Gao v. Lynch

BIA
Sichel, IJ
A094 813 685

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of September, two thousand fifteen.

PRESENT:

> ROSEMARY S. POOLER,
> BARRINGTON D. PARKER,
> GERARD E. LYNCH,
> *Circuit Judges*.

_____

YANG GAO,
>        *Petitioner*,

>        v.                                          13-2197
>                                                    NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:        Gerald Karikari, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Jennifer Paisner Williams,
                       Senior Litigation Counsel; Margaret
                       Kuehne Taylor, Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yang Gao, a native and citizen of the People's Republic of China, seeks review of a May 9, 2013, decision of the BIA affirming the May 13, 2011, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Yang Gao*, No. A094 813 685 (B.I.A. May 9, 2013), *aff'g* No. A094 813 685 (Immig. Ct. N.Y.C. May 13, 2011).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision.  *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.   One-Year Bar to Asylum**

Pursuant to 8 U.S.C. § 1158(a)(3), we lack jurisdiction to review the agency's determination that an asylum application is untimely under § 1158(a)(2)(B). Notwithstanding these provisions, we retain jurisdiction to review "constitutional claims or questions of law."  8 U.S.C. § 1252(a)(2)(D).  While Gao raises an argument which may be construed as a question of law, namely that the agency applied too heavy a burden by requiring details of his travel and corroborating evidence, this argument fails as it was Gao's burden to provide clear and convincing evidence of his time of arrival.  Apart from that allegation, Gao's challenge is solely to the IJ's fact finding, which we do not have jurisdiction to review.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

**II.  Withholding of Removal and CAT**

The BIA denied withholding of removal and CAT relief, affirming the IJ's adverse credibility ruling as to Gao's claims of past persecution and finding that Gao had not satisfied his burden to show that he was more likely than not to face future persecution or torture on account of his Falun Gong practice in the United States.

3

A. Credibility

"We defer. . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

In finding Gao not credible, the agency reasonably relied on his inconsistent testimony and omission of a relevant incident related to his claim of past persecution from his asylum application. *See id.* at 167. During his merits hearing, Gao testified that police officers accused him of practicing Zhong Gong when they arrested him, but in his asylum application, he stated that they accused him of practicing Falun Gong. He also testified that the police came to his house after he was released from custody, but that fact was not included in his asylum application or a letter written by his mother. Under the REAL ID Act, the agency properly relied on these inconsistencies as a basis for the adverse credibility finding. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin*, 534 F.3d at 167 (providing that an IJ may support an adverse credibility determination with "<u>any</u> inconsistency or omission"). In

4

addition, the omission goes to the heart of Gao's claim, as it was the one incident that occurred after his alleged arrest in the five years before he left China and the only evidence of any continuing interest in him by the authorities.  Accordingly, the agency's adverse credibility determination is supported by substantial evidence.  *Xiu Xia Lin*, 534 F.3d at 167.

B. Future Persecution or Torture

   The IJ and the BIA credited Gao's Falun Gong practice, but concluded that he had not established that he would likely be persecuted on that basis in China.  Because Gao failed to demonstrate past persecution, he was not entitled to a presumption of future persecution or torture and was required to make an independent showing that he would likely be subject to harm rising to the level of persecution if returned to China.  8 C.F.R. §§ 1208.16(b)(2); 1208.17(a).  Accordingly, Gao was required to demonstrate either that he would be singled out for persecution or torture or that there exists a pattern or practice of persecution or torture of Falun Gong practitioners.  *Id.; see Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (holding that absent solid support in the record for the petitioner's assertion that he would be persecuted, his fear was

"speculative at best").  Gao did not testify that he planned to continue practicing Falun Gong in China and, considering that he previously gave up his similar practice of Zhong Gong, the agency did not err in finding that he failed to meet his burden.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk